**KAREN E. BEZNER, ESQ.**
567 Park Avenue, Suite 103
Scotch Plains, New Jersey 07076
(908) 322-8484
Attorney for Angelina Garley, Creditor

Karen E. Bezner
KB 5770

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| In the Matter of: : | In Proceedings Under Chapter 13 of the Bankruptcy Code |
| : | Hon. Michael B. Kaplan, U.S.B.J. |
| JOSEPH VAS, : | |
| : | Bankruptcy No. 12-33029 |
| Debtor : | |
| : | |

OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN ON BEHALF OF
CREDITOR ANGELINA GARLEY

Angelina Garley, Creditor herein, by and through her counsel, by way of Objection to confirmation of the Debtor's Chapter 13 Plan, states as follows:

1)   My husband Thomas and I are creditors herein by virtue of a loan in the amount of $260,000.00 made to Mr. Vas prior to his incarceration, for which he promised to sign a mortgage against real properties listed at Schedule A.

2)   The filing of this Chapter 13 petition was timed to avoid a hearing on my motion to appoint a receiver for the property at 65 Smith Street, Perth Amboy, New Jersey, which was scheduled to be heard the day after the filing of this petition.

3)   My objections to confirmation of the Chapter 13 Plan are as follows:

1

      A.      The Debtor has failed to appear at a 341(a) meeting. It seems likely that a 341(a) meeting cannot be conducted, so that creditors can ask questions of the Debtor, because he is incarcerated.

      B.      This creditor has not been provided with any support for the valuations given by the Debtor of his properties at Schedule A of his petition. Upon information and belief, these properties have a value far in excess of that listed by the Debtor. In addition, these properties house paying tenants, which would also serve to increase the fair market value of the property.

      C.      I am aware that Mr. Vas was collecting $4,500.00 per month in rent on 65 Smith Street alone. However, the only income listed at Schedule I is $9,015.25 in rents which are not identified to any particular property. It appears likely that Mr. Vas is collecting additional rents not listed at Schedule I. This creditor request that he provide an accounting for the rents collected during the six (6) month period preceding the filing of this petition.

      D.      Similarly, Schedule G fails to identify the leases between Mr. Vas and his various tenants, which would have enabled an interested creditor to determine what rents are due and owing for each property.

      E.      The Debtor has failed to devote all of his income to the Chapter 13 Plan.

      F.      There is significant equity in the real estate listed at Schedule A of the Chapter 13 petition. However, Mr. Vas does not propose to sell any of these properties to fund distribution to Chapter 13 creditors. This failure warrants denial of confirmation of the Chapter 13 Plan, and also confirms that the Plan was filed in bad faith, and without intent to comply with the provisions of Chapter 13.

      G.      The action of the Debtor in filing the petition was taken in bad faith, to avoid the hearing and likely judgment appointing a rent receiver for the property at 65 Smith Street, and not through any honest intent to reorganize his debts or pay his creditors.

4)      For all of the foregoing reasons, this Creditor requests that the Chapter 13 Plan be denied confirmation.

5) In addition, and due to the bad faith inherent in the filing of this Chapter 13 case, this creditor requests that the case be converted to Chapter 7, rather than dismissed, so that unsecured creditors can be paid through the proceeds of sale of the real estate listed at Schedule A.

        **KAREN E. BEZNER, ESQ.**
        Counsel for Angelina Garley


        By: /s/   Karen E. Bezner
            Karen E. Bezner

Dated: November 5, 2012